**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| MILLERS CAPTIAL INSURANCE, | * | |
| COMPANY a/s/o KARAJOEL, LLC | * | |
| | * | |
| Plaintiff, | * | Case no.: 2020 CA 004963 B |
| | * | |
| v. | * | Judge Florence Y. Pan |
| | * | Next Event: 03/12/2021 |
| HYDROFARM, INC. d/b/a | * | Initial Scheduling Conference |
| HYDROFARM EAST | * | |
| | * | |
| Defendant. | * | |
| | * * * * * * * * * * * | |

## DEFENDANT'S ANSWER TO COMPLAINT

COMES NOW, Hydrofarm, LLC d/b/a Parsource Lighting Solutions, (misnamed in the Complaint as "Hydrofarm, Inc. d/b/a Hydrofarm East," hereinafter "Defendant"), by and through its counsel, Matthew T. Angotti and Lauren R. Driver, and in Answer to the Complaint, state as follows:

1. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, and therefore denies said allegations and demands strict proof thereof.

2. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 2, and therefore denies said allegations and demands strict proof thereof.

3. Defendant denies the allegations in paragraph 3 as stated. Defendant Hydrofarm, LLC d/b/a Parsource Lighting Solutions ("Hydrofarm") is a California limited liability company with its headquarters located at 2249 S. McDowell Blvd, Petaluma, California 94954. Hydrofarm does not contest personal jurisdiction in this matter.

4.      Defendant admits it acted by and through its officers, directors, workers, contractors, employees, predecessors, successors, principals, subsidiaries, divisions, parent companies, sister companies, licensees, licensors, franchisees, franchisors, sales force, and/or other agents. The remaining allegations in paragraph 4 assert the existence of a legal duty which requires no response. To the extent a response is required to the remaining allegations in paragraph 4, Defendant denies the allegations and demands strict proof thereof.

5.      Defendant admits the allegations in paragraph 5.

6.      Defendant admits there was a fire at the premises on January 5, 2019. Defendant is without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6, and therefore denies said allegations and demands strict proof thereof.

7.      Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, and therefore denies said allegations and demands strict proof thereof.

8.      Defendant admits it marketed, distributed, supplied, warranted, and/or sold ActiveAqua AAPW 400 submersible pumps. Defendant is without information sufficient to form a belief as to the truth of the allegation that Defendant marketed, distributed, supplied, warranted, and/or sold the subject pump in this case. Therefore, Defendant denies the remaining allegations in paragraph 8 and demands strict proof thereof.

9.      Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, and therefore denies said allegations and demands strict proof thereof.

10.     Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 10, and therefore denies said allegations and demands strict proof thereof.

11.     Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraph 11, and therefore denies said allegations and demands strict proof thereof.

**COUNT I**
**(Strict Liability)**
**PLAINTIFF v. DEFENDANT HYDROFARM, LLC D/B/A**
**PARSOURCE LIGHTING SOLUTIONS**

12.     Defendant incorporates and reasserts the responses to all paragraphs of its answer as though fully set forth herein.

13.     Defendant admits it marketed, distributed, supplied, warranted, and/or sold the ActiveAqua AAPW 400 submersible pump. Defendant is without information sufficient to form a belief as to the truth of the allegation that Defendant marketed, distributed, supplied, warranted, and/or sold the subject pump in this case. Therefore, Defendant denies the remaining allegations in paragraph 13 and demands strict proof thereof.

14.     Defendant admits it was in the business of marketing, distributing, supplying, warranting, and/or selling submersible pumps in Washington, D.C. Defendant denies the remaining allegations in paragraph 14 and demands strict proof thereof.

15.     Defendant denies the allegations in paragraph 15.

16.     Defendant denies that it engineered the ActiveAqua AAPW 400 submersible pump. The remaining allegations in paragraph 16 assert the existence of a legal duty which requires no response. To the extent a response is required to the remaining allegations in paragraph 16, Defendant denies the allegations and demands strict proof thereof.

17.     Defendant denies the allegations in paragraph 17.

18.     Defendant denies the allegations in paragraph 18.

19.     Defendant denies the allegations in paragraph 19.

20.     Defendant denies the allegations in paragraph 20.

21.     Defendant denies the allegations in paragraph 21.

22.     Defendant denies the allegations in paragraph 22.

23.     Defendant denies the allegations in paragraph 23.

24.     Defendant denies the allegations in paragraph 24.

25.     Defendant denies the allegations in paragraph 25.

26.     Defendant denies the allegations in paragraph 26.

Plaintiff's request for relief requires no response; to the extent that a response is required, Defendant denies all allegations and demands strict proof thereof.

**COUNT II**
**(In the Alternative – Negligence)**
**PLAINTIFF v. DEFENDANT HYDROFARM, LLC D/B/A**
**PARSOURCE LIGHTING SOLUTIONS**

27.     Defendant incorporates and reasserts the responses to all paragraphs of its answer as though fully set forth herein.

28.     Defendant denies that it designed the ActiveAqua AAPW 400 submersible pump. The remaining allegations in paragraph 28 assert the existence of a legal duty which requires no response. To the extent a response is required to the remaining allegations in paragraph 28, Defendant denies the allegations and demands strict proof thereof.

29.     Defendant denies the allegations in paragraph 29.

30.     Defendant denies the allegations in paragraph 30.

31.     Defendant denies the allegations in paragraph 31.

32.     Defendant denies the allegations in paragraph 32.

Plaintiff's request for relief requires no response; to the extent that a response is required, Defendant denies all allegations and demands strict proof thereof.

### COUNT Ill
### (In the Alternative -Breach of Warranty)
### PLAINTIFF v. DEFENDANT HYDROFARM, LLC D/B/A PARSOURCE LIGHTING SOLUTIONS

33.     Defendant incorporates and reasserts the responses to all paragraphs of its answer as though fully set forth herein.

34.     The allegations in paragraph 34 assert the existence of a legal duty which requires no response. To the extent a response is required to the allegations in paragraph 34, Defendant denies the allegations and demands strict proof thereof.

35.     Defendant denies the allegations in paragraph 35.

36.     Defendant denies the allegations in paragraph 36.

37.     Defendant denies the allegations in paragraph 37.

38.     Defendant denies the allegations in paragraph 38.

39.     Defendant denies the allegations in paragraph 39.

Plaintiff's request for relief requires no response; to the extent that a response is required, Defendant denies all allegations and demands strict proof thereof.

### Jury Demand

Plaintiff's request for a jury trial requires no response from Defendant.

### AFFIRMATIVE DEFENSES

### First Defense

Defendant avers that Plaintiff's allegations fail to state a claim for which relief can be granted.

### Second Defense

Defendant avers that Plaintiff's claims are, or may be, barred by Plaintiff's sole or contributory negligence.

### Third Defense

Defendant avers that Plaintiff's claims are, or may be, barred by Plaintiff's voluntary assumption of the risk.

### Fourth Defense

The alleged injuries and damages claimed by the Plaintiff were caused by the acts or omissions of persons or entities over whom the Defendant exercised no control and for whom the Defendant has no liability.

### Fifth Defense

Defendant avers that Plaintiff's claims are, or may be barred, in whole or in part by the doctrines of waiver and release.

### Sixth Defense

Defendant avers that Plaintiff's claims are, or may be, barred in whole or in part by enforceable contract(s).

### Seventh Defense

Defendant avers that Plaintiff's claims are, or may be, barred by Plaintiff's failure to mitigate damages.

### Eighth Defense

Defendant avers that Plaintiff's claims are, or may be, barred by the expiration of the statute of limitations.

### Ninth Defense

Plaintiff's damages were, or may have been, proximately caused by superseding and/or intervening acts, conduct, or causes sufficient to entirely exclude Defendant.

### Tenth Defense

To the extent that the Plaintiff seeks or secures what may be considered exemplary or punitive damages, it violates the Defendant's rights to procedural due process under the Fourteenth Amendment of the United States Constitution and therefore fails to state a cause of action upon which relief can be granted.

### Eleventh Defense

To the extent the Plaintiff seeks or secures what may be considered exemplary or punitive damages, it violates Defendant's rights to protection from excessive fines as provided in the Eighth Amendment of the United States Constitution and violates the Defendant's rights to substantive due process as provided in the Fifth Amendment of the United States Constitution and therefore fails to state a claim for such damages.

### Twelfth Defense

Defendant avers that Plaintiff's claims are, or may be barred, in whole or in part by the doctrines of assignment, collateral estoppel and/or *res judicata*.

The Defendant intends to rely upon all defenses available to it based on the facts disclosed in discovery or at trial and reserve the right to assert those defenses as the facts supporting them become known.

WHEREFORE, having fully Answered Plaintiff's allegations, Defendant respectfully requests that this Honorable Court dismiss the Action, with prejudice, assess costs and attorney's fees as may be allowed and award such additional relief as this Court may deem necessary and appropriate.

4814-6805-4998, v. 1

Date: January 29, 2021                    Respectfully submitted,


_____/s/ Matthew T. Angotti_____         _____/s/ Lauren R. Driver_____
Matthew T. Angotti                           Lauren R. Driver – DC Bar #1020049
(*will file Motion for Admission Pro Hac Vice*)  Anderson, Coe & King, LLP
Anderson, Coe & King, LLP                    Seven St. Paul Street, Suite 1600
Seven Saint Paul Street, Suite 1600          Baltimore, MD 21202
Baltimore, MD  21202                         T: 410-752-1630 / F: 410-752-0085
T: 410-752-1630 / F:  410-752-0085           driver@acklaw.com
angotti@acklaw.com                           *Attorney for Defendant, Hydrofarm*
*Attorney for Defendant, Hydrofarm LLC d/b/a*  *LLC d/b/a Parsource Lighting Solutions*
*Parsource Lighting Solutions*


## CERTIFICATE OF SERVICE

I hereby certify this 29th day of January 2021 that copies of the Answer to Complaint was electronically filed and served upon:

David M. Kopstein, Esquire
9831 Greenbelt Road, #205
Seabrook, Maryland 20706
dkopstein@cox.net
*Attorney for Plaintiff*


_____/s/ Lauren R. Driver_____
Lauren R. Driver – DC Bar #1020049